OPINION. Smith, Judge: The respondent’s determination that the income of all three of the trusts involved is taxable to the respective grantors is based upon section 22 (a) of the Internal Revenue Code and the doctrine of Helvering v. Clifford, 309 U. S. 331. He contends that the trusts were without substance, since the grantors ignored the provisions of the trust agreements and exercised complete dominion and control over the trust funds. While there is some factual support for respondent’s contentions, we think that the evidence as a whole shows the trusts to be valid and entitled to full recognition. There is no doubt, we think, that the trust assignments effected completed gifts to the beneficiaries of the American Metal Products Co. shares and the income therefrom and that the rights of the beneficiaries under the trust indentures are enforceable by law. The expressed provisions of the trust agreements make no reservations and impose no conditions whatever upon the gifts, and the respondent does not contend that they do. His contention is that the conduct of the grantors and trustees after the trust declarations shows that they never intended to abide by the provisions of the trusts. Laxity on the part of the trustees in their administration of the trusts and the handling of the trust funds is admitted. The evidence is that both Litta and Frederick left the management of their trusts to Emma during her life, although Fredericbdid file fiduciary returns on behalf of his trust. Apparently Emma acted as agent for the other trustees. There was a close family relationship between all the parties. They owned property jointly and had had several joint bank accounts. While it may have been violative of the grantors’ fiduciary obligations, if not of the laws of the State of Michigan regulating the administration of trusts, for the trustees to commingle the trust funds with their personal funds as they did prior to the establishment of the trust accounts, and on occasions to borrow or appropriate trust funds for their own use, it does not follow that the trusts were without substance. The final accounting of the trust funds after the death of Emma in 1943 found the trust funds all intact. The actual accretions to the original corpora of the trusts in the form of dividends and interest were readily ascertainable and all of such income has been accounted for in the trust portfolios and bank accounts. We do not know what further account of the administration of the trusts might have been given by Emma had she survived to appear at the trial. Our consideration must be limited to the evidence before ús. The evidence that funds belonging to the trusts were loosely handled by the grantors, and that some of them were borrowed or appropriated by the grantors for their personal use from time to time, justifies the inference, in the absence of any satisfactory explanation, that the trusts were lacking in substance. However, we think that the inference is overcome by the further and more concrete evidence that all of the funds properly belonging to the trusts were found intact in the trust envelopes and the trust bank accounts after the death of Emma and after the close of the taxable years involved. We are convinced from the evidence that the trust securities and funds accounted for were accumulated from year to year in good faith as indicated by the available records of the bank and of the trading accounts. The facts in this case are materially different from those which obtained in George Beggs, 4 T. C. 1053, wherein we held that the grantor trustee was liable to income tax upon the income for 1937 to 1941 of trusts created by him for the benefit of his children; for there the grantor by the terms of the trust instruments retained large powers of control of the trust funds and the income therefrom, a part of which was used for the support, education, and maintenance of his children, a part for the payment of premiums on insurance taken out by the grantor on his own life, which policies were not assigned to the trusts, large parts of which were loaned to the grantor and to a partnership of which he was a member, and a part for the purchase of real estate used by the grantor in his own business. No such facts are present here. There was laxity in the administration of the trusts. But the interests of the trust beneficiaries were not prejudiced thereby. We think that Helvering v. Clifford, supra, and like cases, where the grantors retained powers substantially equivalent to ownership of the trust assets, are not controlling in circumstances like those in the instant proceedings. Decisions will be entered under Rule 50.